UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:05-CR-35-TS |
| | ) | |
| KENNETH L. RICHARDS | ) | |

**OPINION AND ORDER**

The Defendant has been charged is a single count Indictment with possession of more than 5 grams but less than 50 grams of crack cocaine. On July 21, 2005, he filed a Motion to Suppress, arguing that the police used a deficient warrant to search his home on May 2, 2005, which uncovered evidence leading to the charges against him. He submits that the warrant was based on an affidavit that did not set out probable cause. The Defendant requests an evidentiary hearing "so that salient facts may be elicited by the testimony of the officers involved." (Def's Mot. at 3)

The government filed a Response in which it objects to the motion and insists that no hearing is necessary. The government notes that the Defendant has not alleged that the affiant made knowing, false, or misleading statements to the court for the purpose of obtaining the search warrant, so as to require a hearing in accordance with *Franks v. Delaware*, 438 U.S. 154 (1978).

In his Reply, the Defendant states that he "does not suggest that the officers who swore to the affidavit did so with reckless disregard for the truth or with the purpose of knowingly and intentionally misleading [the issuing judge]." (Def.'s Rep. at 2) Rather, he maintains that the affidavit was based in part on facts derived from informants whose reliability was not know to the affiants and "bare unsubstantiated conclusions of others." *Id.* He underscores the importance of evidentiary hearing "so that he can establish [the warrant's deficiencies] as a matter of record and then file a further brief supporting his Motion to Suppress." *Id.*

**ANALYSIS**

Given the great deference that is afforded a judge's determination of probable cause, a defendant is limited in the challenges he can make to the validity of a search warrant. The reviewing court does not conduct a *de novo* review, but only determines whether there is substantial evidence in the record supporting the judge's decision to issue the warrant. *Massachusetts v. Upton*, 466 U.S. 727, 728 (1984).

> When an affidavit is the only evidence presented to a judge in support of a search warrant, the validity of the warrant rests solely on the strength of the affidavit. Probable cause is established when, based on the totality of the circumstances, the affidavit sets forth sufficient evidence to induce a reasonably prudent person to believe that a search will uncover evidence of a crime.

*United States v. Peck*, 317 F.3d 754, 755–56 (7th Cir. 2003) (citations omitted). The Fourth Amendment requires only that the judge had before him a substantial basis for concluding that a search warrant would uncover evidence of wrongdoing. *Illinois v. Gates*, 462 U.S. 213, 237 (1983).

When the veracity of the affidavit is challenged, a defendant may be entitled to an evidentiary hearing if he meets certain requirements outlined in *Franks v. Delaware*, 438 U.S. 154 (1978):

> To mandate an evidentiary hearing . . . [t]here must be allegations of deliberate falsehood or of reckless disregard for the truth, and *those allegations must be accompanied by an offer of proof*. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. *Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained*. Allegations of negligence or innocent mistake are insufficient.

*Id*. at 171–72 (emphasis added).[1] In addition, the Defendant must show that the incorrect statement

---

[1] "A Franks hearing affords a defendant the opportunity to show, by a preponderance of the evidence, that the warrant affidavit contained perjury or a reckless disregard for the truth. If the defendant meets this burden, the court will set aside that 'false material' contained in the warrant affidavit, and if probable cause cannot be established from the valid and truthful portion of the affidavit, the entire search is deemed to be invalid and the ensuing search is void." *United States v. McDonald*, 723 F.2d 1288, 1292 (7th Cir.1983).

was material, that is, was necessary for a finding of probable cause to issue the warrant. *United States v. McAllister*, 18 F.3d 1412, 1416 (7th Cir. 1994). Finally, search warrant affidavits are presumed to be valid. *See Franks*, 438 U.S. at 171.

The Defendant has failed to present any basis for invalidating the search warrant or for holding an evidentiary hearing regarding its contents. In fact, no warrant and no accompanying affidavits were submitted with the motion so that the Court can even review them. Moreover, the Defendant has not presented any evidence that challenges the veracity of the search warrant affidavit, as required by *Franks*. Consequently, the Defendant has not demonstrated either that the search warrant was deficient or that a hearing on his motion is necessary.

## CONCLUSION

Accordingly, the Court DENIES WITHOUT PREJUDICE the Defendant's Motion to Suppress [DE 23]. If the Defendant still believes that his contentions have merit, within ten days, he may file another motion to suppress that meets the standards articulated in this Order. The government will respond to any such motion within two weeks of its filing.[2]

SO ORDERED on August 25, 2005.

    S/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT

---

[2] Any delay resulting from this modified briefing schedule is excluded from time calculation under the Speedy Trial Act. *See United States v. Tibboel*, 753 F.2d 608, 610 (7th Cir. 1985) ("[T]ime consumed in the preparation of a pretrial motion must be excluded—provided that the judge has expressly granted a party time for that purpose.").

3