UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 1:05-CR-35-TS |
| | ) | |
| KENNETH L. RICHARDS | ) | |

**OPINION**

This matter is before the Court on the government's Notice of Intent to Use Other Crimes, Wrongs, or Acts as Evidence Pursuant to Rule 404(b), filed on November 16, 2005. The Defendant objected to the government's Notice in his Response, filed November 22, 2005. The government replied on November 28, 2005.

The parties were given the Court's decision to admit the 404(b) evidence at a conference held on December 1, 2005. Before the decision was filed by the Court, the government moved to clarify an issue in the Court's decision. The Court's original opinion misstated what the government's 404(b) evidence would be. The government's 404(b) evidence regards two alleged sales by the Defendant of a substance that was field tested and found to contain cocaine, not crack cocaine. The Defendant filed a motion asking the Court to reconsider its decision, raising new arguments against the admission of the government's 404(b) evidence based on the clarified facts. The Court has revised its opinion and analysis to properly state the government's 404(b) evidence and take into account the Defendant's new arguments.

**A.     Government's 404(b) Evidence**

The Defendant is charged with possessing more than five grams, but less than 50 grams of cocaine base, or "crack," in violation of 21 U.S.C. § 844. The drugs were discovered on May 5,

2005, by the police at an apartment the government alleges to be the Defendant's, located at 416 E. Creighton Avenue, Fort Wayne, Indiana ("the apartment").

The government intends to use evidence of two previous incidents at trial. First, the government seeks to offer evidence that on January 31, 2005, the Defendant told a confidential informant ("CI") to meet him at a nearby discount tobacco store. The Defendant was seen leaving the same apartment later searched by the police on May 5. The Defendant proceeded to sell to the CI a substance that field tested positive for cocaine. The Defendant then returned to the apartment.

Second, the government seeks to offer evidence that on April 29, 2005, the Defendant again sold cocaine to the CI. The defendant was seen leaving the apartment and returning there after selling a substance to the CI that field tested positive for cocaine.

**B.    Analysis**

Federal Rule of Evidence 404(b) provides, in relevant part,

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

The Seventh Circuit has articulated a four-prong test for admissibility of Rule 404(b) evidence. The test is whether:

> (1) the evidence is directed toward establishing a matter in issue other than the defendant's propensity to commit the crime charged, (2) the evidence shows that the other act is similar enough and close enough in time to be relevant to the matter in issue, (3) the evidence is sufficient to support a jury finding that the defendant committed the similar act, and (4) the evidence has probative value that is not substantially outweighed by the danger of unfair prejudice.

*United States v. Denberg*, 212 F.3d 987, 992–93 (7th Cir. 2000).

**(1)** *Purposes Other than to Show Propensity*

The government claims that the January and April 2005 incidents are relevant to show the Defendant's intent, knowledge, motive, opportunity, and absence of mistake or accident. Specifically, the government argues in its Reply that the incidents are relevant because they imply that the Defendant knowingly or intentionally possessed the crack cocaine and that the apartment was a residence of the Defendant's. (Gov. Reply Br. 1; DE 43.)

To convict a defendant in a criminal case, the government must prove each element, even those that the defendant does not specifically contest, beyond a reasonable doubt. *Estelle v. McGuire*, 502 U.S. 62, 69 (1991); *United States v. Jones*, 248 F.3d 671, 675 (7th Cir. 2001) ("In all criminal cases, the government must prove each element, even those that the defendant does not specifically contest, beyond a reasonable doubt to convict a defendant.").

The Defendant was indicted for possession of crack cocaine in violation of 21 U.S.C. § 844, which makes it illegal to "knowingly or intentionally to possess a controlled substance." To prove possession, "the government need only demonstrate that the defendant had constructive possession of the contraband." *United States v. Hernandez*, 13 F.3d 248, 252 (7th Cir. 1994). A defendant has constructive possession of an item if the defendant "knowingly has the power and the intention at a given time to exercise dominion and control over an object, either directly or through others." *United States v. Alanis*, 265 F.3d 576, 592 (7th Cir. 2001) (quoting *United States v. Walls*, 225 F.3d 858, 866 (7th Cir. 2000)). Also, constructive possession may be shown by proving the contraband was seized at the defendant's residence. *Walls*, 225 F.3d at 867.

The government must prove beyond a reasonable doubt that the Defendant knowingly had the power and intent to exercise dominion and control over the crack cocaine found in the apartment on May 5, 2005. Evidence that the Defendant left the apartment possessing a substance containing

cocaine on two prior occasions suggests that the Defendant knowingly had the power and intent to exercise dominion and control over the crack cocaine found in the apartment on May 5 and that he used the apartment as a residence. The purpose for which the government offers the evidence is to show elements it must prove beyond a reasonable doubt—knowledge, intent, and possession—and is not to "prove the character of a person in order to show action in conformity therewith" as is prohibited by Federal Rule of Evidence 404(b). Thus, it is not prohibited character evidence.

**(2)**     *Similarity*

The similarity prong of the 404(b) test need not be unduly rigid and "[s]imple differences in the type of conduct or charge at issue cannot defeat the similarity requirement." *United States v. Long*, 86 F.3d 81, 84 (7th Cir. 1996). "[S]imilarity means more than sharing some common characteristics; the common characteristics must relate to the purpose for which the evidence is offered." *Long*, 86 F.3d at 84 (quoting *United States v. Torres*, 977 F.2d 321, 326 (7th Cir. 1992)).

The common characteristics between the uncharged incidents and the charged conduct are that the police saw the Defendant proceed to drug transactions from the apartment where the police later found the crack cocaine he is here charged with possessing. The purpose for which the government seeks to use the evidence is to show the Defendant's knowledge and intent to exercise control over the cocaine, and that the apartment was a residence of the Defendant's. The fact that the January and April incidents did not involve crack cocaine makes little difference. Though crack cocaine is a different substance than cocaine powder, the purpose for which the evidence is offered is to show the Defendant's knowledge and intent to exercise control over the crack cocaine. Crack cocaine and powder cocaine are both contraband and past incidents of possession of one type of controlled narcotic can be offered to prove a defendant's knowledge and intent to possess another

type. *See United States v. Macedo*, 371 F.3d 957 (7th Cir. 2004) (holding that incidents involving a defendant's sale of cocaine nine years earlier may be admitted to show intent to sell methamphetamine). Also, the type of drug is irrelevant for the purpose of showing the Defendant used the apartment as his residence. The uncharged conduct occurred within the same year as the search and is not so distant in time as to have lost its relevance. Thus, because the uncharged events share common characteristics relevant to the charged offense, the similarity requirement is met.

**(3)     *Sufficiency***

The third prong requires that the evidence be sufficient to support a jury finding that the Defendant committed the act sought to be admitted. The government states that it will offer the testimony of police officers who observed the events and the CI who purchased the substance containing cocaine from the Defendant in both incidents. The CI was wired and taped conversations may also be presented. The Court finds that this evidence is sufficient for the jury to conclude by a preponderance of the evidence that the incidents occurred.

**(4)     *Probative Value and Danger of Unfair Prejudice***

The fourth prong of the test requires that the 404(b) evidence have probative value that is not substantially outweighed by the danger of unfair prejudice. Evidence is unfairly prejudicial only to the extent that it will cause a jury to decide the case on improper grounds. *Denberg*, 212 F.3d at 994. A limiting instruction given by the court is effective and proper to reduce or eliminate the potential of the jury to use 404(b) evidence improperly. *Id.* ("[T]his court has held many times that limiting instructions are effective in reducing or eliminating any possible unfair prejudice from the introduction of Rule 404(b) evidence.").

The evidence regarding the uncharged incidents tends to show that in this case, the Defendant had the requisite knowledge and intent to prove constructive possession of the crack cocaine in the apartment and that the apartment was a residence of the Defendant's. The government must prove the Defendant's knowledge, intent, and possession beyond a reasonable doubt, and the government's 404(b) evidence is probative of both. The danger of unfair prejudice involved in admitting the evidence—that the jury may see the defendant as a bad person and convict him on that basis without considering whether the government has proved its case beyond a reasonable doubt—is not so substantial as to outweigh the probative value of the evidence. The Defendant is already charged with possession of crack cocaine, and additional evidence that the Defendant sold drugs is not so inflammatory that jurors would be unable to put their emotions aside when examining the evidence. A limiting instruction will reduce any danger of unfair prejudice to the Defendant. Thus, the Court concludes that the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice.

**(5)**   *Adequacy of the Government's Notice*

The Defendant's main complaint seems to be that the government's 404(b) notice was insufficient to allow the Defendant to adequately respond because it did not attempt to show how the evidence met the Seventh Circuit's four part test. Rule 404(b) requires the prosecution in criminal cases to provide "reasonable notice" in advance of trial of its intent to use 404(b) evidence. Though the government's notice did not specifically state the purpose for which the evidence was to be offered, the notice stated with great specificity what the evidence would be. Rule 404(b) requires only "notice," and the Defendant has not presented any case law suggesting that notice under 404(b) must meet any particularity standard. In fact, the Advisory Committee Notes to the

1991 Amendments to Rule 404 state that the notice requirement was drafted to require notice only as to "the general nature of the evidence of extrinsic acts." The government's notice outlines the general nature of the evidence it intends to present and is therefore adequate under FRE 404(b).

**(6)** *Inextricably Intertwined Doctrine*

The government appears to have raised the inextricably related doctrine in its notice of intent to use 404(b) evidence. (Gov. Notice 6; DE 37.) The Defendant argues that the government's 404(b) evidence relating to the two 2005 incidents is not inextricably related.

Court finds that the inextricably related doctrine offers additional reason to admit the government's offered 404(b) evidence. When determining whether evidence is inextricably related, a court should look to

> whether the evidence is properly admitted to provide the jury with a "complete story of the crime [on] trial;" whether its absence would create a "chronological or conceptual void" in the story of the crime, or whether it is "so blended or connected" that it incidentally involves, explains the circumstances surrounding, or tends to prove any element of, the charged crime.

*United States v. Ramirez*, 45 F.3d 1096, 1102 (7th Cir. 1995).

The incidents in 2005 complete the story of the crime on trial by showing why the police searched the Defendant's apartment. The search warrant leading to the discovery of the crack cocaine at the apartment was obtained on the basis of the April and January incidents. Excluding the 2005 incidents also would create a void during trial, as without the evidence, the jury would likely wonder why the police decided to search the apartment of the Defendant. Finally, as stated above, the 2005 incidents tend to prove elements of the charged crime: intent, knowledge, and possession.

**ORDER**

The government's motion to clarify [DE 57] is GRANTED. The Court finds that evidence regarding the two incidents of the Defendant leaving his apartment to sell a substance containing cocaine to the CI are admissible under Rule 404(b) to show the Defendant's knowledge and intent to exercise control over the crack cocaine found in the apartment and that the apartment was the residence of the Defendant. The Defendant's objection and motion to reconsider [DE 42 & 60] are OVERRULED. The Court will give a limiting instruction to the jury consistent with this Opinion.

SO ORDERED on December 5, 2005.

s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
