UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| KENNETH L. RICHARDS | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:05-CR-35-TLS |
| | ) | |
| UNITED STATES OF AMERICA | ) | |

**OPINION AND ORDER**

Before the Court is a Motion to Vacate under 28 U.S.C. § 2255 [DE 111] filed by Petitioner Kenneth L. Richards on March 19, 2008. On March 31, 2008, the Government filed its Response [DE 115], seeking dismissal of the Motion as time-barred. On April 14, Richards filed his Reply [DE 117], correctly arguing that his habeas petition was timely. The Government sought and received leave to file an amended response, and did so on May 12 [DE 121]. As the Petitioner has not filed a reply, his Motion to Vacate is now ripe for adjudication.

**BACKGROUND**

On May 25, 2005, a one-count Indictment was returned against the Petitioner for possessing between 5 and 50 grams of cocaine base, commonly known as "crack," in violation of 21 U.S.C § 844. Richards filed a Motion to Suppress [DE 23] on July 21, 2005. Eight days later, the Government filed its Response [DE 25]. On August 25, this Court denied the Motion to Suppress, without prejudice [DE 28]. Richards filed his so-called Second/Renewed Motion to Suppress [DE 30], to which the Government filed its response six days later [DE 30]. On November 1, 2005, the Court denied Richards's Motion to Suppress [DE 34].

On January 10, 2006, a jury trial commenced in this action. On his behalf, Richards called his brother Timothy Richards, his half-brother Kevin Hicks, and a postal carrier. The

Petitioner also testified. The following day, January 11, the jury returned a guilty verdict. On March 21, this Court sentenced Richards to 97 months imprisonment, to be followed with 3 years supervised release. On May 1, 2008, the Court granted Richards's § 3582(c) motion and reduced his sentence to 78 months imprisonment, still to be followed with 3 years supervised release. [DE 120].

Richards timely filed his notice of appeal on March 21, 2006, and the Seventh Circuit Court of Appeals docketed his appeal as #06-1829. On September 22, 2006, newly appointed counsel filed an *Anders* brief to withdraw, as he could not discern a nonfrivolous basis for appeal. On December 18, 2006, the Seventh Circuit issued an unpublished order granting counsel's motion to withdraw, and dismissed the appeal.

## STANDARD FOR A § 2255 MOTION

"[R]elief under § 2255 is reserved for extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996). Motions to vacate a conviction or correct a sentence ask the court to grant an extraordinary remedy to one who has already had an opportunity of full process. *Kafo v. United States*, 467 F.3d 1063, 1067 (7th Cir. 2006). Therefore, a § 2255 Petition will only be granted when the sentence has been imposed in violation of the Constitution or laws of the United States, the court that imposed the sentence was without jurisdiction, the sentence was in excess of the statutory maximum, or the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255.

"A § 2255 is neither a recapitulation of nor a substitute for a direct appeal." *Olmstead v. Untied States*, 55 F.3d 316, 319 (7th Cir. 1995). Therefore, three types of issues are procedurally

barred in a § 2255 motion: (1) those that were raised on direct appeal, absent a showing of changed circumstances; (2) non-constitutional issues that could have been but were not raised on direct appeal; and (3) constitutional issues that were not raised on direct appeal. *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992) (overruled on other grounds). There are three exceptions to this procedural bar. First, a petitioner can raise a procedurally barred constitutional issue if he can show that there was cause for failing to raise an issue on appeal and that prejudice resulted therefrom. *Belford*, 975 F.2d at 313. Second, he can raise a barred constitutional issue if he can show that the Court's failure to hear the issue would result in a fundamental miscarriage of justice—which requires an actual showing of innocence. *McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996). There is no cause and prejudice exception for non-constitutional errors that could have been raised on appeal but were not. *Arango-Alvarez v. United States*, 134 F.3d 888, 891 (7th Cir. 1998). Lastly, and significantly, ineffective assistance of counsel claims may always be raised in § 2255 cases. *Massaro v. United States*, 538 U.S. 500, 504 (2003).

If the claims in a § 2255 motion fall within this narrow scope, then the Court will determine if the allegations warrant an evidentiary hearing. *See* 28 U.S.C. § 2255. If the petitioner alleges facts that, if true, would entitle him to relief, the court must grant an evidentiary hearing. *Bruce v. United States*, 256 F.3d 592, 597 (7th Cir. 2001). However, these allegations must be in the form of a sworn affidavit which shows that the petitioner "had actual proof of the allegations going beyond mere unsupported assertions." *Kafo*, 467 F.3d at 1067. A court is not bound to grant an evidentiary hearing when the petitioner's allegations are "vague, conclusory, or palpably incredible rather than detailed and specific." *Bruce*, 256 F.3d at 597.

**DISCUSSION**

The Petitioner seeks habeas relief on the theory of ineffective assistance of counsel on the following four grounds: (1) counsel was ineffective in failing to amend the Petitioner's original Motion to Suppress; (2) counsel was ineffective in failing to call at trial the Petitioner's half-brother, Kevin Hicks, who would have testified that the two drug sales of which the Petitioner was accused were actually transacted by Hicks; (3) counsel was ineffective in failing to argue that the Government constructively amended the Indictment; and (4) counsel was ineffective in failing to advise the Petitioner to plead guilty.

In seeking to prove that his counsel rendered ineffective assistance, the Petitioner "bears a heavy burden." *Jones v. Page*, 76 F.3d 831, 840 (7th Cir. 1996) (citation omitted). To establish ineffective assistance of counsel, a petitioner must show that: (1) his attorney's performance "fell below an objective standard of reasonableness," *Strickland v. Washington*, 466 U.S. 668, 688 (1984); and (2) there is a reasonable probability that "but for counsel's unprofessional errors the result of the proceeding would have been different," *Id.* at 694. *See also Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1986) (applying *Strickland* test to claim that appellate counsel rendered ineffective assistance). Moreover, the "Court must indulge the strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that under the circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689. "A failure to establish either prong results in a denial of the ineffective assistance of counsel claim." *Rastafari v. Anderson*, 278 F.3d 673, 688 (7th Cir. 2002) (citation omitted). The Government contends that the Petitioner's claims do not succeed on their merits. The Court will address all four claims, respectively.

### A. Motion to Suppress

The Petitioner first argues that his counsel was ineffective when he failed to amend a Motion to Suppress, as instructed by the Court. The Court disagrees. As stated above, Richards filed a Motion to Suppress on July 21, 2005. On August 25, 2005, the Court denied the Motion without prejudice, offering the Defendant an opportunity to refile within 10 days. The Petitioner now claims that "when [counsel] was ordered to re-file his motion for suppression, he conspicuously failed to do so." However, this simply is not so. On September 9, 2005, the Defendant Richards filed his "Second/Renewed Motion to Suppress." The Motion was briefed fully by Richards and the Government, and denied by the Court in a ten-page opinion on November 1, 2005. As the very basis of Richards's claim is factually inaccurate, the Court will deny the Petition on this ground.

### B. Failure to Call Kevin Hicks

The Petitioner next asserts that counsel was ineffective by not allowing the Petitioner's half-brother, Kevin Hicks, to testify. Hicks was apparently "prepared to come forward and testify that the drug sales petitioner was assumed to have sold were actually sold by [Hicks]." The Petitioner alleges that failure to call Hicks falls outside the *Strickland* ambit of "sound trial strategy," as Hicks's testimony would have completely exonerated Richards.

Richards's claim would be compelling if not for its complete factual inaccuracy. Hicks *was* called to the stand on May 5, 2005. He testified as to Richards's true residence, and whether or not he believed it was being used to sell crack cocaine. Richards testified as well, and limited his testimony to the same topics—neither man presented the theory that it was Hicks, and not

5

Richards, who was the perpetrator of the drug deals in question. Again, the behavior alleged by the Petitioner simply did not occur. As such, the Petition will not be granted on this ground.

## C. Constructive Amendment to the Indictment

The Petitioner next argues that counsel was ineffective when he failed to object to the Government constructively amending the indictment. Richards claims that the Government impermissibly broadened the Indictment when it said this in its rebuttal closing argument:

> We had the testimony of the Government's expert witness Ausili regarding the fact that it was crack cocaine . . . . If the chloride's out, then it's cocaine base. But it's still cocaine. Defense counsel made much, well, he only bought cocaine, it wasn't crack, doesn't matter. It's still cocaine. The issue is did he possess it. Did he knowingly and intentionally possess it?

Essentially Richards claims that the Government told the jury that it could convict the Defendant whether or not it proved that he possessed crack specifically, as opposed to cocaine.

The Fifth Amendment states that "[n]o person shall be held to answer for a capital or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury . . . ." U.S. Const. amend. V. When a constructive amendment to an indictment is alleged, the United States Supreme Court has held that the issue is "whether [the defendant] was convicted of an offense not charged in the indictment," and that "broadening the possible bases for conviction from which appeared in the indictment" is fatal to a conviction. *United States v. Pigee*, 197 F.3d 879, 887 (7th Cir. 1999) (citing *United States v. Miller*, 471 U.S. 130, 138 (1985)). Such an error is reversible *per se. Id.* In order to demonstrate constructive amendment, the crime charged in the indictment must not be "materially different or substantially altered at trial, [so that] it is not impossible to know whether any grand jury would have indicted for the crime actually proved."

6

*United States v. Muelbl*, 739 F.2d 1175, 1180–81 (7th Cir. 1984). However, it is not a material amendment when the Court's description of the indictment alters its terms insignificantly. *United States v. Franco*, 874 F.2d 1136, 1144 (7th Cir. 1989). The Seventh Circuit has held that when an indictment charges possession of crack under § 844(a), drug type is an element of the offense that the government must prove beyond a reasonable doubt. *United States v. Steward*, 252 F.3d 908, 909–10 (7th Cir. 2001).

The Court finds that despite the Government's statement on closing, there was no material amendment to the indictment. Thus, the Petitioner's argument fails the second prong of *Strickland*: "but for counsel's unprofessional errors the result of the proceeding would have been different." There is evidence in the record that the jury was charged with adjudging guilt or innocence in line with the language of the indictment. This is primarily evidenced by the Court, in its Instruction No. 19, reading the Indictment to the jury:

> This is a criminal case brought by the United States of America by way of an Indictment . . . .The Indictment reads as follows: On May 5, 2005, in Allen County, Fort Wayne, Indiana, in the Northern District of Indiana, KENNETH L. RICHARDS, a/k/a Kenny Ross, defendant herein, did knowingly and intentionally possess a controlled substance, namely, more than five grams but less than fifty grams of a mixture or substance of cocaine base, commonly known as "crack," a Schedule II Controlled Substance; All in violation of 21 U.S.C. §844.

All of the instructions that the jury orally received were also given to it in the form of written instructions. The Court instructed the jury to follow all of its instructions and has no reason to believe that the jury did not follow them. *See United States v. Thornton*, 197 F.3d 241, 256 (7th Cir. 1999) ("We presume that a jury will capably sort through the evidence and will follow limiting instructions from the court . . . .") (internal citations omitted). As the Indictment was not materially amended, the Petitioner fails to show that the result was prejudiced by

7

counsel's failure to object, and the Petition fails on this ground.

**D.     Guilty Plea**

Finally, the Petitioner alleges that counsel was ineffective by failing to advise him to plead guilty rather than proceed to a trial. "The Sixth Amendment right to effective counsel extends to assistance rendered when deciding whether or not to reject a plea offer." *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007) (citing *Toro v. Fairman*, 940 F.2d 1065, 1067 (7th Cir. 1991)). A Defendant must show through objective evidence that there existed a reasonable probability that a defendant would have accepted the proposed plea agreement absent defense counsel's advice. *Toro*, 940 F.2d at 1067.

Both parties agree that there was never a plea agreement in the case. Still, as the Petitioner claims, he may have been entitled to a reduction for acceptance of responsibility had he pled without benefit of a plea agreement. In *Strickland*, the Supreme Court stated that "the reasonableness of . . . counsel's actions is often determined . . . by the defendant's own statements or actions." *Strickland*, 466 U.S. at 691. It is therefore quite significant that Richards protested his innocence throughout the trial—a protestation that he has maintained to this day.

As the Government states, Richards's protests of innocence would have demonstrated to his counsel Richards's inability to acknowledge his guilt under oath at any change of plea hearing. Therefore, counsel's actions were eminently reasonable under the first prong of *Strickland*. Furthermore, even had counsel instructed the Petitioner to plead guilty, the Court would not have been able to accept the plea, as the Petitioner maintained his innocence. Therefore any ineffective assistance would not have changed the result under *Strickland's*

8

second prong. Therefore, the Petition fails on this ground.

## CONCLUSION

For the foregoing reasons, the Petitioner's Motion under 28 U.S.C. § 2255 to Vacate [DE 111] is DENIED.

SO ORDERED on September 24, 2009

                                         s/ Theresa L. Springmann
                                         THERESA L. SPRINGMANN
                                         UNITED STATES DISTRICT COURT